## ELIAS C. ROUNDS v. JOHN A. HUMES.

Although the court is reluctant to grant a new trial upon the ground of a verdict against evidence, when the prevailing party has obtained two concurring verdicts, so far as known, upon the same state of the proof; yet, where, in an action for a malicious arrest, the plaintiff, so far from proving the allegation in his declaration, that the defendant "*failed* to enter and prosecute" the suit claimed to have been brought maliciously and without probable cause, proved, that the defendant did so, in consequence of a promise that he would stop the suit, pay the costs and discharge the plaintiff from his arrest, as the conclusion of a settlement of all causes of action between himself and the plaintiff, including those alleged to be the causes of the supposed malicious action, the court, in deference to the legal rights of the defendant, will set aside the verdict against him, and grant him a new trial; the costs of the motion to abide the result of the suit.

THIS was an action on the case, for the malicious arrest and imprisonment of the plaintiff on a writ in assumpsit, returnable to the September term of the Supreme Court for the county of Providence, 1860; the declaration averring that the defendant "failed to enter" said writ in said court, "and to prosecute the same, by means whereof said suit became and was wholly ended, discharged and determined."

At the trial of the case at the present term, under the general issue, before the Chief Justice with a jury, much evidence was submitted to the jury, tending to prove the malice and want of probable cause for the suit complained of; and that the cause of action in said suit, avowed by the defendant, was his liability as endorser for the plaintiff on a promissory note in the hands of Cook & Ballou, upon which one hundred dollars remained due; the defendant insisting that his cause of action was also a note of one hundred dollars held by him against the plaintiff, upon which a balance remained due, notwithstanding an account in set-off due from him to the plaintiff, which the plaintiff contended exceeded said note by a few cents, and was agreed to be by way of payment of said note, by goods delivered from the plaintiff's store. After the plaintiff had procured bail in the writ complained of, and before the same had become returnable, all the evidence concurred in showing that the parties to that suit met at the house of Arthur A. Ross, Esq., of Pawtucket, who was the plaintiff's

assignee, for the purpose of settlement; that at that meeting the Cook & Ballou note, which had been taken up by the mother of the plaintiff, was brought forward and destroyed in token of the defendant's discharge therefrom; that the defendant's note against the plaintiff was also brought forward by him and destroyed; that the account in set-off was settled, and receipts in full exchanged between the plaintiff and defendant; and that, after some controversy as to which of the parties should pay the costs of the suit complained of, it was agreed that the defendant should pay the costs of his writ, should discharge the plaintiff from the same upon the jail-book, and order his attorney not to enter the suit in court; all of which was done, and the suit thereupon stopped. The plaintiff, who was a witness for himself, swore that the above settlement took place, and that the defendant said at last that he would pay the costs and stop his suit; and that he understood that the defendant and himself had settled, but not that the suit was settled, nor that one of the conditions of the settlement was, that the suit should be stopped.

In this state of the proof, the Judge trying the cause instructed the jury, that if they believed, from the evidence, that the suit complained of as malicious was included in this settlement, with all causes of action existing between the parties, and was not entered or further prosecuted, in accordance with it, the plaintiff could not maintain this action for malicious arrest. The jury returned a verdict of guilty against the defendant, and assessed the plaintiff's damages at $100; whereupon the defendant, upon the ground that the verdict was against the weight of the evidence in this and other respects, now moved for a new trial. As the judgment of the court turned solely upon the state of the proof in relation to the settlement of the action claimed to have been malicious, it is unnecessary to set it forth, as to the other grounds upon which the verdict was claimed to have been found against the weight of the evidence.

This case came to this court by appeal from the Court of Common Pleas for the county of Providence, in which court the plaintiff recovered a verdict for $150.

*Blodgett, for the motion.*

*Ashley, against it.*

Ames, C. J. It is with reluctance that the court grants a new trial on the ground that the verdict is against the evidence, where the verdict is the second which has been obtained by the prevailing party, and, so far as we know, upon the same state of the proof. In the present case, however, we think that our duty leaves us no choice. In an action for a malicious arrest, as well as in an action for a malicious prosecution, the plaintiff must allege in his declaration, not only that the proceeding complained of is terminated, but the manner in which it has been terminated; for the reason, as explained by Lord Tenterden, in *Wilkinson* v. *Howell*, 1 Mood. & Malk. 495, "that the termination must be such as to furnish *prima facie* evidence that the action was without foundation." The allegation being material, must, of course, be proved as laid.

In the declaration in the present case, the allegation in this regard is, that the defendant "failed to enter," his writ in assumpsit, claimed to have been maliciously and without probable cause issued, "and to prosecute the same; by means whereof said suit became, and was wholly ended, discharged, and determined." Now, the proof, on both sides, so far from supporting this allegation, the proof of which was incumbent upon the plaintiff in order to maintain his action, is concurrent and explicit, that pending the writ complained of, the parties met by appointment, and settled their respective claims, embracing those alleged to be the foundation of the obnoxious suit, and exchanged receipts in full; and that, as the conclusion of such settlement, the defendant promised to pay his own costs, stop the suit, and see that the plaintiff was discharged from custody, on the jail-book. If the allegation in the declaration in respect to the mode in which the supposed malicious suit was terminated means anything to the purpose, it means, that the defendant *neglected* to enter and prosecute the same; whereas, the proof shows, that he did not enter it, because, as the conclusion of the settlement of all claims between them, he promised the plaintiff that he would not enter and prosecute it, but would pay the costs, and discharge him from custody under it. The plaintiff, who in common with all his witnesses, stated these facts, from which the conclusion is irresistible that the suit was settled, indeed says, "that he under-

stood that the defendant and himself had settled, but not that the suit was settled, nor that one of the conditions of the settlement was, that the suit should be stopped." But this will hardly answer, in the face of his own statement, that after endeavoring to get him, and then his mother, to pay the costs of the suit, the defendant agreed to pay them himself, and stop the suit; and as proved by his own witnesses, that the defendant, upon the repeated injunctions of the friends of the plaintiff who came to assist him in the settlement, and in his presence, agreed to stop the suit, and to discharge him from jail.

The plaintiff having thus, not only failed to prove what was necessary to maintain his declaration, but proved the precise contrary of it, we cannot, in deference to the legal rights of the defendant, allow this verdict to stand against him; and do, therefore, grant his motion for a new trial, the costs to abide the event of the suit.